UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CARL JAMES HOBSON,

Plaintiff,

v.

WILLAMETTE INDUSTRIES,

Defendant.

Civil File No. 00-2797 (DWF/AJB)

ORDER

Plaintiff has filed a complaint alleging that he was discriminated against on the basis of his race during the course of his past employment with Defendant. (Docket No. 1.) The matter is presently before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP application shows that he is employed, but it does not clearly indicate the amount of his current income. Although the application indicates that Plaintiff is currently earning "$600," it does not indicate how often he is paid that much. Plaintiff has failed to disclose his pay period or the name and address of his employer, even though the IFP application form specifically directed him to provide that information. (IFP Application, [Docket No. 2], ¶ 2.a.) If Plaintiff is earning only $600 per month, he probably is financially eligible for IFP status, but if he is earning $600 per week he probably is ineligible.[1]

[1] If Plaintiff is earning $600 every two weeks, his eligibility for IFP status may well depend on the extent of his assets, other income and financial responsibilities. In that

FILED APR 0 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Because Plaintiff has not properly completed his IFP application form, it cannot be determined whether he is truly unable to pay the statutory filing fee and other costs for this action. Plaintiff's IFP application will therefore be denied at this time.

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and he will therefore be given an opportunity to submit a new IFP application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). In the alternative, of course, Plaintiff may simply pay the regular $150 filing fee.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by April 30, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application, (Docket No. 2), is **DENIED WITHOUT PREJUDICE**; and

---

event, it will be particularly important that Plaintiff furnish a detailed explanation of his financial circumstances.

2. Plaintiff shall pay the regular $150 filing fee or file an Amended IFP Application, on or before April 30, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: April 6th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge